IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., )<br>Boston Division )<br> )<br>Plaintiff-Appellant, )<br> )<br>v. )<br> )<br>INTERNATIONAL UNION OF )<br>PAINTERS AND ALLIED TRADES, )<br>AFL-CIO, CLC, DISTRICT COUNCIL )<br>#35 )<br> )<br>Defendant-Appellee. ) | Civil Action No.: 05-CV-10380-WGY |

**NOTICE OF INTENT TO OPPOSE**
**MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, the Plaintiff-Appellant, Clear Channel Outdoor, Inc., Boston Division (Clear Channel/Boston), pursuant to Fed.R.Civ.Pro 7, with this Notice of Intent to Oppose Motion for Preliminary Injunction in the above-named and numbered action.

By April 8, 2005, Clear Channel/Boston intends to file with this court, opposition to Defendant-Appellee, International Union of Painters & Allied Trades, District Council No. 35 (D.C. #35)'s Motion for Preliminary Injunction. Clear Channel/Boston intends to oppose D.C. #35's Motion for the following, non-exhaustive, list of reasons.

1. The issue is moot. D.C. #35 attempts to enjoin an action that has already occurred, namely the implementation of the Substance Abuse Program and Motor Vehicle Points System. Indeed, the affidavit of Mr. Charles Fogell, filed in support of D.C. #35's Motion demonstrates that the Substance Abuse Program and Motor Vehicle Points System have been in place since January 2003. *See* Fogell Aff. at Para. 10.

2. D.C. #35's Motion seeks to effectively grant the relief it seeks, in its Counter-Claim before a determination on the merits. The relief sought by the preliminary injunction is the exact same relief available to D.C. #35 through the judicial process.

3. There is no "harm" to prevent. The Substance Abuse Program and Motor Vehicle Points System are already in effect. Clear Channel/Boston is not going to "re-implement" policies that are already in effect, and have been since approximately January 2003.

4. The status quo prior to the arbitration was one where both the Substance Abuse Program and Motor Vehicle Points System were in effect. An injunction is designed to preserve the status quo ante. The status quo ante in effect prior to the filing of the Motion for Preliminary Injunction was one with both Substance Abuse Program and Motor Vehicle Points System were in effect.

5. As a matter of national policy, injunctions are disfavored in the realm of labor disputes. Labor disputes are typically resolved through a voluntary submission to arbitration. Typically, parties utilize collective bargaining agreements and their appeal process to resolve disputes. A court's ability to impose an injunction on a labor dispute is limited.

6. Courts have previously determined that "privacy concerns," especially in the context implementing drug policies are not sufficient grounds to grant a preliminary injunction.

7. Finally, D.C. #35 will not be able to meet its burden necessary to grant an injunction. D.C. #35 will be unable to demonstrate: 1) irreparable injury; 2) a

balance of hardships weighing in favor of an injunction; 3) a probability of success on the merits; and 4) the public interest demands injunctive relief.

These grounds will be further explained in Clear Channel/Boston's forthcoming opposition to preliminary injunction.

Dated: April 4, 2005.

        Respectfully Submitted,
        The Plaintiff,
        Clear Channel Outdoor, Inc.

        */s/ George A. Berman*
        George A. Berman, Esq., BBO No. 040200
        Marjunette deMagistris, Esq., BBO No. 648133
        Peabody & Arnold LLP
        30 Rowes Wharf
        Boston, MA 02110
        (617)951-2100
        Fax: 617-951-2125

        **AND**

        */s/ Glenn E. Plosa*
        L. Michael Zinser, Esq.
        Glenn E. Plosa, Esq.
        **THE ZINSER LAW FIRM. P.C.**
        150 Second Avenue North
        Suite 410
        Nashville, TN 37201
        Telephone (615) 244-9700
        Facsimile (615) 244-9734

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing NOTICE OF INTENT TO OPPOSE MOTION FOR PRELIMINARY INJUNCTION was delivered to the following via hand delivery, this 4th day of April 2005.

> John Conti
> FEINBERG, CAMPBELL & ZACK, P.C.
> 177 Milk Street
> Boston, MA 02109

*Marjunette deMagistris*