IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., ) <br> Boston Division ) <br> ) <br> Plaintiff-Appellant, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL UNION OF ) <br> PAINTERS AND ALLIED TRADES, ) <br> AFL-CIO, CLC, DISTRICT COUNCIL ) <br> #35 ) <br> ) <br> Defendant-Appellee. ) | Civil Action No.: 05-CV-10380-WGY |

## ANSWER TO COUNTERCLAIM

COMES NOW, Clear Channel Outdoor, Inc., Boston Division ("Clear Channel/Boston"), the Plaintiff-Appellant with this answer to the counterclaim contained in Defendant-Appellee's Counterclaim to Enforce the Arbitration Award. Pursuant to Fed.R.Civ.Pro 7 and 8, Clear Channel/Boston replies as follows:

1. Clear Channel/Boston admits the allegations of Paragraph 1 of the counterclaim.

2. Clear Channel/Boston admits, based on information and belief, the allegations of Paragraph 2 of the counterclaim.

3. Clear Channel/Boston denies the allegations of Paragraph 3 of the counterclaim. In further answer, Plaintiff-Appellant is Clear Channel Outdoor, Inc., Boston Division. Clear Channel/Boston admits, with this correction, the allegations of Paragraph 3 of the counterclaim.

4. Clear Channel/Boston denies the allegations of Paragraph 3 of the counterclaim. In further answer, Clear Channel/Boston admits that it and International Union of

Painters and Allied Trades, District Council #35 ("DC #35") are parties to a collective bargaining agreement.

5. Clear Channel/Boston admits the allegations of Paragraph 5 of the counterclaim based on information and belief.

6. Clear Channel/Boston admits the allegations of Paragraph 6 of the counterclaim. This answer should not be construed to admit that Clear Channel/Boston is precluded from appealing an arbitration decision to a judicial forum.

7. Clear Channel/Boston admits that on or about November 18, 2002, Gary Shay, Operations Manager for Clear Channel Outdoor, Inc., Boston Division, sent a letter to DC 35 Business Agent Charles Fogell enclosing copies of a "Substance Abuse Program" and a "Motor Vehicle Points System." Clear Channel/Boston admits that the letter speaks for itself. All other allegations of Paragraph 7 are denied.

8. Clear Channel/Boston admits that a November 27, 2002 letter signed by Mr. Fogell was received and that the letter speaks for itself. All other allegations of Paragraph 8 are denied.

9. Clear Channel/Boston admits that on or about December 5, 2002, Mr. Shay sent Mr. Fogell a letter, and that the letter speaks for itself. All other allegations of Paragraph 9 are denied.

10. Clear Channel/Boston admits that a November 27, 2002 letter signed by Mr. Fogell was received and that the letter speaks for itself. All other allegations of Paragraph 10 are denied.

11. Clear Channel/Boston admits that on or about February 12, 2003, Counsel to DC 35 filed Charge No. 1-CA-40671 with Region 1 of the National Labor Relations Board. All other allegations of Paragraph 11 are denied.

12. Clear Channel/Boston admits that upon mutual agreement of the parties, the NLRB deferred the charge to arbitration pursuant to the decision in *Collyer Insulated Wire*, 192 NLRB 837 (1971).

13. Clear Channel/Boston admits that on or about May 19, 2003, DC 35 file a grievance and that grievance speaks for itself. All other allegations of Paragraph 13 are denied.

14. Clear Channel/Boston admits the allegations of Paragraph 14 of the counterclaim.

15. Clear Channel/Boston admits that Paragraph 15 of the counterclaim contains an excerpt of Article 6, Section 1 of the Management Rights Clause of the parties' collective bargaining agreement. Clear Channel/Boston further answers that Paragraph 15 of the counterclaim does not contain the entire Management Rights Clause of the parties' collective bargaining agreement, which speaks for itself.

16. Clear Channel/Boston admits that Paragraph 16 of the counterclaim contains an excerpt of Article 17, Section 1, titled "Work Rules, Discipline, Discharge," of the parties' collective bargaining agreement. Clear Channel/Boston further answers that Paragraph 16 of the counterclaim does not contain the entire Work Rules, Discipline, Discharge Clause of the parties' collective bargaining agreement, which speaks for itself.

17. Clear Channel/Boston admits that Article 17, Section 6 of the parties' collective bargaining agreement speaks for itself. All other allegations in Paragraph 17 of the counterclaim are denied.

18. Clear Channel/Boston admits that Article 20, Section 1 of the parties' collective bargaining agreement speaks for itself. All other allegations in Paragraph 18 of the counterclaim are denied.

19. Clear Channel/Boston admits that Article 45 of the parties' collective bargaining agreement speaks for itself. All other allegations in Paragraph 19 of the counterclaim are denied.

20. Clear Channel/Boston admits that the parties' collective bargaining agreement contains certain work rules and those provisions speak for themselves. All other allegations in Paragraph 20 of the counterclaim are denied.

21. Clear Channel/Boston admits the allegations of Paragraph 21 of the counterclaim.

22. Clear Channel/Boston admits the allegations of Paragraph 22 of the counterclaim.

23. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 23 of the counterclaim.

24. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 24 of the counterclaim.

25. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 25 of the counterclaim.

26. Clear Channel/Boston admits that Arbitrator Cooper's Award and the Substance Abuse Program speak for themselves. All other allegations in Paragraph 26 of the counterclaim are denied.

27. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 27 of the counterclaim.

28. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 28 of the counterclaim.

29. Clear Channel/Boston admits the allegations of Paragraph 29 of the counterclaim.

30. Clear Channel/Boston admits that Arbitrator Cooper's Award and the Motor Vehicle Points System speak for themselves. All other allegations in Paragraph 30 of the counterclaim are denied.

31. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 31 of the counterclaim.

32. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 32 of the counterclaim.

33. Clear Channel/Boston admits that Arbitrator Cooper's Award speaks for itself. Clear Channel/Boston denies all other allegations of Paragraph 33 of the counterclaim.

34. Clear Channel/Boston admits that since January 1, 2003, Clear Channel/Boston has utilized the Substance Abuse Program and the Motor Vehicle Points System. Clear Channel/Boston admits that Clear Channel/Boston has not honored Arbitrator Cooper's Award. All other allegations in Paragraph 34 of the counterclaim are denied.

35. Clear Channel/Boston admits the allegations of Paragraph 35 of the counterclaim.

36. Clear Channel/Boston denies the allegations of Paragraph 36 of the counterclaim.

37. Clear Channel/Boston denies the allegations of Paragraph 37 of the counterclaim.

38. Clear Channel/Boston denies the allegations of Paragraph 38 of the counterclaim.

39. Clear Channel/Boston denies the allegations of Paragraph 39 of the counterclaim.

40. Clear Channel/Boston denies the allegations of Paragraph 40 of the counterclaim.

41. Clear Channel/Boston denies the allegations of Paragraph 41 of the counterclaim.

42. Clear Channel/Boston denies the allegations of Paragraph 42 of the counterclaim.

43. Clear Channel/Boston admits that the public interest favors judicial action to effectuate the means chosen by the parties for the settlement of their differences pursuant to their collectively bargained agreement. All other allegations in Paragraph 43 of the counterclaim are denied.

44. Clear Channel/Boston cannot admit or deny allegations in Paragraph 44 of the counterclaim. The allegations are vague, non-specific, and overly broad.

45. Clear Channel/Boston denies the allegations of Paragraph 45 of the counterclaim.

46. All other allegations, not specifically denied, are hereby denied as if specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

DC 35 has failed to state a claim upon which relief can or should be granted.

### SECOND AFFIRMATIVE DEFENSE

The DC 35's claims are barred by the doctrines of laches, waiver, and estoppel, or any of them.

### THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that DC 35 has suffered any damages and/or losses, which Clear Channel/Boston denies, such damages or losses were as a result of DC 35's own conduct or omissions.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaim fails to allege facts sufficient to establish a claim or recovery for damages or attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE

The remedies sought by DC 35 are punitive, not remedial in nature, and, therefore, the relief sought is inappropriate.

### SIXTH AFFIRMATIVE DEFENSE

Prior to filing the Counterclaim, DC 35 failed to comply with Local Rule 7.1(A)(2).

**CONCLUSION**

WHEREFORE, Clear Channel/Boston respectively requests that the counterclaim be dismissed with prejudice, that DC 35 have and recover nothing from Clear Channel/Boston, that DC 35 not be afforded any form of legal or equitable relief, and that Clear Channel/Boston be granted attorney's fees and costs for defending this action, and such other and further relief as this Honorable Court deems appropriate.

Dated: April 14, 2005

>Respectfully Submitted,
>The Plaintiff,
>Clear Channel Outdoor, Inc., Boston Division,
>By its counsel,
>
>
>George A. Berman, Esq.,
>BBO No. 040200
>Marjunette deMagistris, Esq.,
>BBO No. 648133
>**PEABODY & ARNOLD LLP**
>30 Rowes Wharf
>Boston, MA 02110
>Telephone (617) 951-2100
>Facsimile (617) 951-2125
>
>**and**
>
>
>L. Michael Zinser
>Glenn E. Plosa
>**THE ZINSER LAW FIRM. P.C.**
>150 Second Avenue North
>Suite 410
>Nashville, TN 37201
>Telephone (615) 244-9700
>Facsimile (615) 244-9734

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Plaintiff-Appellant's Reply Defendant-Appellee's Counterclaim was delivered to the following via first class mail, postage prepaid, this 14th day of April 2005.

John Conti<br>
Feinberg, Campbell & Zack, P.C.<br>
177 Milk Street<br>
Boston, MA 02109

_____
Marjunette deMagistris